# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HARRY CONTRERAS-LABOY; ET AL.,** | |
| **Plaintiffs,** | |
| v. | **CIVIL NO. 16-2446 (PAD)** |
| **YAHAIRA DEL PILAR ABREU; ET AL.,** | |
| **Defendants.** | |

## OPINION AND ORDER

Delgado Hernández, District Judge.

Plaintiffs Harry Contreras Laboy, his wife, Ada Cruz Rivera, and their legal conjugal partnership, initiated this action against the Puerto Rico Aqueduct and Sewer Authority ("PRASA") and various officers of the Puerto Rico Police Department ("PRPD") under 42 U.S.C. § 1983 and the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31, §§ 1, et seq., seeking payment for damages resulting from Contreras' arrest and subsequent acquittal (Docket Nos. 1 and 24). Before the court is PRASA's "Motion for Summary Judgment" (Docket No. 112), which plaintiffs opposed (Docket No. 122). PRASA replied (Docket No. 126), and plaintiffs sur-replied (Docket No. 133). For the reasons that follow, the motion must be granted and the case dismissed.

### I.     PROCEDURAL BACKGROUND

On August 4, 2016, plaintiffs initiated the action (Docket No. 1). On January 18, 2017, they filed an Amended Complaint, the operative complaint in this case (Docket No. 24). On February 16, 2017, the PRPD officers responded with a motion to dismiss for failure to state a claim (Docket No. 32), which plaintiffs opposed (Docket No. 37). On May 3, 2017, the Commonwealth of Puerto Rico by and through the Financial Oversight and Management Board

Case 3:16-cv-02446-PAD     Document 135     Filed 02/25/25     Page 2 of 11

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 2

for Puerto Rico filed a petition in the United States District Court under Title III of the Puerto Rico Oversight Management and Economic Stabilization Act, 48 U.S.C. § 2101 et seq. ("PROMESA") (Docket No. 52).  The commencement of the Title III case operated as an automatic stay of the actions against the Commonwealth.  Id.  On May 12, 2017, PRASA answered the operative complaint denying liability (Docket No. 45).  On September 29, 2017, the court stayed the case in light of the Title III stay (Docket No. 53).  On March 29, 2019, it administratively closed the case, to be reopened in the event the Title III court lifted the stay or the debt adjustment proceeding concluded (Docket Nos. 58, 59).

On January 18, 2022, the Title III court confirmed the Modified Eight Amended Title III Joint Plan of Adjustment for the Commonwealth and other entities, discharging all claims against the reorganized debtors and their employees arising prior to the effective date of the Plan (Docket No. 62, pp. 3-5).  Further, it enjoined the claim holders from taking any action against the released parties as to those claims.  Id.  The discharge and injunction apply to the PRPD officers (Docket No. 77 ¶ 13).  On March 15, 2022, the Plan became effective (Docket No. 62-2).  On February 27, 2023, plaintiffs moved to reopen the case (Docket No. 60).

On July 12, 2023, the court reopened the case as to PRASA to determine whether plaintiffs' claims against this entity were time-barred and ordered plaintiffs to show cause as to why the case against PRASA should not be dismissed on that basis (Docket No. 93).  On September 11, 2023, plaintiffs complied with the show-cause order (Docket No. 98).  On September 12, 2023, the court noted plaintiffs' motion (Docket No. 99), and based on the information included in the response, expanded the scope of the litigation to allow plaintiffs to pursue their claims as to PRASA (Docket No. 100).  At the same time, it maintained the PRPD officers as nominal parties in the case to

facilitate discovery. Id. Following discovery, PRASA requested that the case be dismissed by way of summary judgment (Docket NO. 112).

## I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice "to ward off" a properly supported motion for summary judgment. Nieves-Romero v. U.S., 715 F.3d 375, 378 (1st Cir. 2013).

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 4

## II.   FACTS[1]

PRASA is the corporate instrumentality of the Government of Puerto Rico that owns and operates Puerto Rico's public water supply and wastewater systems. See, SUMF, Docket No. 113, ¶¶ 1 and 2. On March 11, 2013, and June 25, 2014, it went through two (2) instances of theft and/or vandalism at its Morovis intermediate station. See, SUMF, Docket No, 113, ¶ 61. As a result, it filed a complaint with the PRPD, outlining the damages sustained during each of the incidents. See, SUMF, Docket No. 113, ¶ 61. During the course of the police investigation, officers from PRPD's Technical Services lifted prints in the facility. See, SUMF, Docket No, 113, ¶ 54. The prints matched those of Contreras, who had worked at the facility in September 2011 as an independent contractor on an emergency repair project. See, SUMF, Docket No, 113, ¶¶ 4, 5, 6, 7, 11, 14, 16.

On May 20, 2015, two (2) criminal complaints were lodged against Contreras, charging him with violating Articles 240, 199, 195 C, 182, and 99 D (felonies) of the Puerto Rico Penal

---

[1] From their filings, plaintiffs admit the majority of PRASA's "Statement of Uncontested Material Facts" ("SUMF") (Docket No. 113), in particular, ¶¶ 1-20; 23-33; and 32-61. See, "Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment" ("Opposition"), Docket No. 122, p. 4. As to ¶¶ 21, 42-51 of the SUMF, plaintiffs allege they are a "red herring" that does not address the issue of initiation or instigation of a malicious prosecution claim. Id., p. 5. Their attempt to contest well-supported facts runs afoul of Local Rule 56. This Rule requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by specific citations to the record, that the movant contends are uncontested and material. See, Local Rule 56(b) and (e). The opposing party must admit, deny, or qualify those facts, with record support, paragraph by paragraph. See, Local Rule 56(c) and (e). This, plaintiffs did not do. The requirement is designed to facilitate review of summary judgment materials. Litigants who ignore the rule do it "at their peril," Mariani-Colón v. Dep't of Homeland Security, 511 F.3d 216, 219 (1st Cir. 2007), for they obstruct the review process, forcing the court to spend its limited resources figuring out if genuine issues of material fact exist precluding summary judgment. Beyond this problem, plaintiffs' response to PRASA's SUMF includes conclusory assertions or argumentation without reference to the record. See, Opposition, Docket No. 122, p. 4, ¶ 2 (regarding SUMF ¶ 21), p. 4 ¶ 3 (regarding SUMF ¶¶ 42-51), and p. 4 ¶ 4 (regarding SUMF ¶¶ 52-61. That is not how Rule 56 works. See, Mancini v.City of Providence, 909 F.3d 32, 44 (1st Cir. 2018)("a plaintiff cannot avoid summary judgment by relying solely on conclusory allegations"). Under these circumstances, the court disregards the noncompliant opposing statements, and given that PRASA's statements of fact are properly supported, they are admitted as stated. See, Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) ("In the event that a party opposing summary judgment fails to act in accordance with the rigors that [Local Rule 56] imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated").

Case 3:16-cv-02446-PAD   Document 135   Filed 02/25/25   Page 5 of 11

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 5

Code of 2012.  See, Docket No. 24, pp. 6-9 (describing charges).  A judge (Hon. Cyndia E. Irizarry-Casiano) found probable cause for Contreras' arrest in both cases.  See, Docket No. 32-2 (Probable Cause for Arrest in Case AR2015CR00542; Docket No. 32-3 (Probable Cause for Arrest in Case AR2015CR00543).  Id.  On August 5, 2015, agents from the PRPD's Special Arrests Unit arrested Contreras in his home for the incidents that led to the investigation and took him before a judge for an initial hearing, where he was granted bail.  See, SUMF, Docket No, 113, ¶ 33.  On August 26, 2015, a different judge (Hon. Liza M. Fernández-Rodríguez) found probable cause to indict and try Contreras.  See, Docket Nos. 32-3 (Preliminary Hearing Decision in Case AR2015CR00542); and Docket No. 32-4 (Preliminary Hearing Decision in Case AR2015CR00543).  On November 3, 2015, Contreras waived right to trial by jury (Docket No. 122-7), and the judge presiding over the trial (Hon. Iris A. Reyes Maldonado) acquitted him of all charges.  See, SUMF, Docket No. 113, ¶ 41; Docket No. 32-5 (Judgement in Case AR2015CR00542); and Docket No. 32-6 (Judgment in Case AR2015CR00543).[2]

The evidence presented during trial showed that Contreras had worked in the PRASA facility during September 2011 when emergency repair services were performed but that the 2013 fragment and the 2014 fragment of the prints were one and the same.  See, SUMF, Docket No. 113, ¶¶ 52 & 53.  In other words, the same print was lifted on two (2) occasions from the same place in different years.  Id.  After the charges were dismissed, plaintiffs initiated this action against PRASA and PRPD officers Yahaira Del Pilar Abreu, Willman Morales Rodríguez, Maria Chévere

---

[2] For context, a felony prosecution may be broadly divided into five (5) basic phases under the Rules of Criminal Procedure of Puerto Rico, P.R. Laws Ann. tit. 34, App. II: (1) criminal complaint and initial hearing before a magistrate to determine if probable cause exists to arrest (Rule 6); (2) in the event probable cause is found under Rule 6, preliminary hearing before a magistrate to determine if there is probable cause to indict and for trial (Rule 23); (3) should probable cause to indict be found, return of indictment ("presentación de acusación") (Rule 24); (4) arraignment ("lectura de acusación")(Rule 52); and (5) trial (Rule 111).

Case 3:16-cv-02446-PAD    Document 135    Filed 02/25/25    Page 6 of 11

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 6

Rivera, and José Caldero Lopez complaining of violations of the Fourth and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983, and of malicious prosecution and tortious conduct under Puerto Rico law (Docket No 24. ¶ 1). As mentioned earlier, the case against the PRPD officers was discharged as part of PROMESA. The case against PRASA remains.

### III.    DISCUSSION

#### A. Section 1983

Plaintiffs claimed entitlement to relief under 42 U.S.C. § 1983 (Docket No. 24). This Section affords redress against persons "who under color of state law" deprive another person of any federal constitutional or statutory right. Burgos v. Fontánez-Torres, 951 F.Supp.2d 242, 249 (D.P.R. 2013). Under this rubric, plaintiffs alleged that PRASA violated the Fourth and Fourteenth Amendments (Docket No. 24). No. 23). As relevant, the Fourth Amendment "protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. Plaintiff alleged that Contreras' arrest was illegal and unwarranted under these provisions (Docket No. 26). As part of the summary judgment motion cycle, however, plaintiffs dropped this claim. See, Docket No. 122, p. 5; Docket No. 133, p. 3. In consequence, the Section 1983 action against PRASA must be dismissed.

### B. Malicious Prosecution

Plaintiffs allege that PRASA is liable for malicious prosecution (Docket No. 24). To succeed on a malicious prosecution claim, the claimant must prove four (4) elements: "(1) that a criminal action was initiated or instigated by the defendants; (2) that the criminal action terminated in favor of plaintiff; (3) that defendants acted with malice and without probable cause; and (4) that plaintiff suffered damages." Díaz-Nieves v. United States, 858 F.3d 678, 688 (1st Cir. 2017). Failure to prove any element "bars recovery." Rivera-Marcano v. Normeat Royal Dane Quality, 998 F.2d 34, 37 (1st Cir. 1993). Such is the case here.

First, PRASA did not initiate or instigate the criminal actions against Contreras. It reported the incidents of theft and/or vandalism at its Morovis facility to the PRPD outlining the damages sustained in the facility and relied on this agency to investigate the reported crimes without intervening with PRPD's investigation. See, SUMF, Docket No. 113, ¶¶ 57, 59; 61; Docket No. 113-3, p. 28 (uncontradicted testimony by PRASA representative). Merely reporting the commission of an offense to the police or providing information to investigating officers, however, is insufficient to impose liability based on instigation. See, Negrón-Rivera v. Rivera-Claudio, 204 F.3d 287, 290 (1st Cir. 2000)(discussing topic in ruling that entity which reported illegal appropriation to the police; cooperated with the ensuing investigation; and provided testimony did not initiate or instigate criminal action against plaintiff, hence was entitled to prevail in malicious prosecution action brought against it).

Second, in this setting "Puerto Rico courts equate malice with bad faith." Barros-Villahermosa v. U.S., 642 F.3d 56, 59 (1st Cir. 2011). The term applies to false imputations and those devoid of reasonable support. An affirmation anchored on a reasonable basis "does not" fall

under this category. Raldiris v. Levitt and Sons of Puerto Rico, Inc., 3 P.R. Offic. Trans. 1087, 1092 (1975). Nothing in the record remotely suggests bad faith. Not only did PRASA have a reasonable basis to report the commission of crimes at its facility in March 2013 and June 2014; and for its human resources representative to testify in court that Contreras was not a PRASA employee (Docket No. 113, ¶ 40), but in both instances the information that it conveyed to the authorities was true.

Third, the evidence does not support the notion that PRASA targeted, pinpointed or identified Contreras as the person responsible for the theft and/or vandalism at its facilities. In fact, Contreras admitted as much under oath when he was deposed in this case. See, SUMF, Docket No. 113, ¶¶ 38, 39, 40, 42, 43. His testimony comports with that of PRASA's representative. See, Docket No. 113-3, p. 28. A defendant need not be in a similar situation to prevail. See, Jiménez v. Sánchez, 76 P.R.R. 347, 351 (1954)(referring to a case where a taxi driver identified plaintiff as robber); Raldiris, 3 P.R. Offic. Trans. at 1089-1090 (security guard informed the police that plaintiff forcibly entered into a house and carried away the cover of a water heater, and also gave police the number of the license plate of plaintiff's car). Yet, it highlights why PRASA should not be held liable for Contreras' interaction with the criminal justice system.

Fourth, two (2) separate judges in Puerto Rico found probable cause to arrest, and to indict and try Contreras. See, SUMF, Docket No. 113, ¶ 14 (probable cause for arrest); SUMF, Docket No. 113, ¶ 23 (probable cause to indict and for trial). Courts take exception to this element where a defendant has knowingly provided false information to officials, and the tainted information compelled or caused government authorities to file and prosecute charges against plaintiff. See, Díaz-Nieves v. U.S., 838 F.3d 678, 688 (1st Cir. 2017)(discussing topic); González Rucci v.

Case 3:16-cv-02446-PAD    Document 135    Filed 02/25/25    Page 9 of 11

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 9

U.S.I.N.S., 405 F.3d 45, 49 (1st Cir. 2005)(similar). However, the record does not show that PRASA did so. On the contrary, as mentioned earlier, it shared truthful information with the authorities, information that it had a reasonable basis for. Therefore, even though the criminal action terminated in Contreras' favor, the malicious prosecution claim brought against PRASA must be dismissed.

### C. Negligence

Plaintiffs allege that PRASA acted negligently in contravention of Puerto Rico's general tort statute, to wit, Articles 1802 and 1803 of the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31, §§ 5141 & 5142 (Docket No. 122, p. 1).[3] Article 1802, provides in part that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." Id. In turn, Article 1803 "applies the principle of *respondent superior* to Article 1802 claims." Santana-Colón v. Houghton Mifflin Harcout Pub. Co., 81 F.Supp.3d 129, 139 (D.P.R. 2014).

Plaintiffs posit that PRASA's Internal Security Department should have investigated the incidents of theft and/or vandalism that occurred in 2013 and 2014, and suggest that PRASA's failure to investigate caused the filing of unfounded criminal charges against Contreras (Docket No. 122, p. 2). In order to prevail on a negligence claim, a plaintiff must show: "a duty requiring the defendant to conform to a certain standard of care, a breach of that duty, . . . damage, and a causal connection between the negligence and the damage." Nieves-Romero, 715 F.3d at 378-

---

[3] The Civil Code of 1930 was superseded in 2020 by Law No. 55 of June 1, 2020 ("Civil Code of 2020"), which became effective on November 28, 2020. See, P.R. Laws Ann. Tit. 31, § 5311 (enactment and effectiveness date of new Code ). This Code provides that tort liability is governed by the law in force at the time when the act or omission that gave rise to tort liability took place. Id., § 11720. As the 1930 Code was in force when the events undelying this act occurred, it applies in this case.

Case 3:16-cv-02446-PAD     Document 135     Filed 02/25/25     Page 10 of 11

Contreras-Laboy; et al. v. Puerto Rico Aqueducts and Sewer Authority; et al.
Civil No. 16-2446 (PAD)
Opinion and Order
Page 10

379. These requirements cannot be satisfied unless the record demonstrates, *inter alia*, "that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care." Woods-Lever v. Hyatt Hotels of Puerto Rico, Inc., 124 F.3d 47, 50-51 (1st Cir. 1997). Foreseeability is based on probabilities, "not on mere possibilities." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 54 (1st Cir. 2007).

Plaintiffs do not explain why, by reporting a crime to the PRPD and relying on PRPD's investigation rather than investigating the crimes itself, PRASA breached a standard of care towards Contreras, making it liable for his arrest and prosecution under the general tort statute. Reporting crimes promotes the community's interest "in having crimes investigated and prosecuted." Raldiris, 3 P.R. Offic. Trans. at 1092. From this perspective, PRASA merely acted as would any citizen who is a victim of criminal activity in relation to its property. To impose liability upon it in these circumstances would "undermine the social interest in having a citizen inform the authorities about the commission of potential crimes." Negrón-Rivera, 204 F.3d at 290.

As well, PRASA had no involvement in the lifting or development of the fingerprints. See, SUMF, Docket No. 113. ¶¶ 54, 55, 57. It was in no position to reasonably foresee that the manner in which PRPD lifted, developed or analyzed the fingerprints would have lead to Contreras' acquittal. As plaintiffs' expert explained, PRPD technical services personnel are the only persons in charge of lifting and developing fingerprints. See, Docket No. 113-5, p. 9. It follows that the negligence claim against PRASA must be dismissed.

### D. Spouse/Conjugal Partnership

The claims discussed above revolve around Contreras. Those of the spouse and conjugal partnership are derivative of those claims, for they are premised on Contreras' asserted harm. See,

Pagán-Colón v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012)(pointing out that a relative's tort claim is derivative of the principal plaintiff's claim in that it is premised on some harm to that plaintiff). The viabilty of derivative claims "depends on the viability" of the underlying claim. Díaz-Nieves, 858 F.3d at 689. By extension, for the spouse and conjugal partnership to succeed, Contreras must prevail. Because he cannot, the derivative claims must be dismissed. See, Díaz-Zayas v. Municipality of Guaynabo, 600 F.Supp.3d 184 (D.P.R. 2022) ("[If] the principal plaintiff's claim fails, so too does the relative's derivative claim").

## IV.  CONCLUSION

Construing the evidence in the light most congenial to plaintiffs, they cannot prevail as a matter of law. Hence, PRASA's motion for summary judgment (Docket No. 112) is GRANTED and the case DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of February, 2025.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
